UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PHILLIP MADDOX,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, SERGEANT THOMAS
GAGLIARDI, tax # 930188, POLICE OFFICER ROBERT
ROMANO, tax # 939363, POLICE OFFICER GLORIA
TISDALE, tax # 947519, POLICE OFFICERS JOHN
AND JANE DOES 1-20,

                                    Defendants.

**FIRST AMENDED COMPLAINT**

CV 11 2208 (ENV) (LB)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers of Police Service Area 2 alleging that, on October 3, 2010, defendants violated his rights under 42 U.S.C. § 1983, the First, Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, retaliating against him for exercising free speech, using unreasonable force on him and making false allegations about him to prosecutors.  The false criminal charges of possession of a controlled substance and resisting arrest were adjourned in contemplation of dismissal on March 9, 2011.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 90 day of the incident at issue, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a resident of Brooklyn who resides at 541 Kingsborough 5th Walk in Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. The individual defendants are New York City Police Officers. These defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On October 3, 2010, plaintiff, who had just purchased milk and cigarettes at a local store, was walking to his home at 541 Kingsborough 5th Walk in Brooklyn when he

was illegally stopped by three New York City Police Officers in uniform in the vicinity of 529 5th Kingsborough Walk.

10. The officers are Sergeant Thomas Gagliardi, Police Officer Robert Romano and Police Officer Gloria Tisdale.

11. The three defendants, acting in concert, searched plaintiff without justification.

12. Nothing illegal was found on plaintiff.

13. One of the male defendants handcuffed plaintiff excessively tight causing pain and bruising.

14. Plaintiff asked the three defendants to loosen the cuffs but his request was denied.

15. Plaintiff was taken to Police Service Area 2.

16. Inside the precinct, plaintiff exercised free speech by complaining that he had been arrested for no reason.

17. In response, one of the male defendants pushed the handcuffed plaintiff face-first into a wall and numerous other unidentified officers struck plaintiff in his face and body and pushed him to the floor.

18. Plaintiff asked for medical treatment and an ambulance was called.

19. When the ambulance arrived, one of the male defendants falsely stated to plaintiff that if he refused to go to the hospital, he would be issued a Desk Appearance Ticket and released soon, rather than being put through the system.

20. Relying on the defendant's word, plaintiff declined to go the hospital and decided that he would go the hospital on his own after he was released from custody.

21. While plaintiff was held in the precinct, plaintiff's designated "arresting officer," Robert Romano, pursuant to an agreement with his fellow defendants, falsely charged plaintiff with possession of a controlled substance and resisting arrest.

22. On October 4, 2010, unidentified officers took plaintiff to Brooklyn Central Booking.

23. Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, filthy and unsanitary. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

24. While plaintiff was in Central Booking, Officer Romano misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a controlled substance and had resisted arrest.

25. The other defendants knew that a bogus prosecution was being commenced against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the District Attorney's Office.

26. Defendants' motives in commencing a bogus prosecution against plaintiff was to have plaintiff convicted of and punished for crimes he did not commit, to obtain overtime compensation, to obtain credit for an arrest, and to retaliate against plaintiff for exercising free speech.

27. Plaintiff was charged with possession of a controlled substance and resisting arrest in a criminal court complaint.

28. Plaintiff was arraigned in Criminal Court during the afternoon of October 4, 2010, released on his own recognizance and ordered by the judge to return to court on November 16, 2010.

29. On October 5, plaintiff went for medical treatment at Interfaith Hospital and was prescribed pain medication.

30. Plaintiff appeared in court on several occasions.

31. The false criminal charges were adjourned in contemplation of dismissal on March 9, 2011.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for numerous hours and deprived of his liberty. Further, plaintiff suffered emotional distress, fear, anxiety, humiliation, pain and bruising and incurred medical expenses.

## FIRST CLAIM

### (FALSE ARREST)

33. Plaintiff repeats the foregoing allegations.

34. At all relevant times, plaintiff had not committed a crime or violation, he was not wanted for a crime or violation and he had not acted in a suspicious manner.

35. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

36. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

37. Plaintiff repeats the foregoing allegations.

38. Defendants' use of force upon plaintiff or their failure to intervene to prevent the use of force on him, as described herein, was objectively unreasonable and caused plaintiff pain and injury.

39. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

### (VIOLATING RIGHT TO FREE SPEECH)

40. Plaintiff repeats the foregoing allegations.

41. Plaintiff exercised free speech during the incident by asking why he had been arrested for no reason.

42. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to violate his civil rights.

43. Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## FOURTH CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

44. Plaintiff repeats the foregoing allegations.

45. Defendants, acting in concert, misrepresented to the Kings County District Attorney's Office that plaintiff had committed two crimes.

46. Defendants' misrepresentations deprived plaintiff of liberty in that he was held in jail until his arraignment and required to appear in court several times after his arraignment.

47. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabricating evidence against him and for denying him a fair trial.

## FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

48. Plaintiff repeats the foregoing allegations.

49. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

50. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

51. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

52. Several members of the NYPD have been convicted of crimes for engaging in corruption and for making false allegations.

53. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

54. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while he was under indictment for corruption.

55. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and

state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

56. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

57. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

58. Plaintiff repeats the foregoing allegations.

59. At all relevant times, plaintiff had not committed a crime or violation, he was not wanted for a crime or violation and he had not acted in a suspicious manner.

60. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

61. Accordingly, defendants are liable to plaintiff under New York state law for false arrest.

## SEVENTH CLAIM

### (ASSAULT)

62. Plaintiff repeats the foregoing allegations.

63. Defendants' handcuffing, search and beating of plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

64. Accordingly, defendants are liable to plaintiff under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

65. Plaintiff repeats the foregoing allegations.

66. Defendants' handcuffing, search and beating of plaintiff were offensive and nonconsensual physical contacts which injured him.

67. Accordingly, defendants are liable to plaintiff under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

68. Plaintiff repeats the foregoing allegations.

69. Defendants and all other officers involved in the incident were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted and battered plaintiff.

70. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: September 14, 2011

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391